**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

EARLTON FARQUHARSON; and
BEULAH FARQUHARSON,

        Plaintiffs,

v.                             Case No. 6:16-cv-745-Orl-37KRS

ROBERT (BOB) E. HANSELL;
OSCEOLA COUNTY SHERIFF'S
OFFICE; MICHAEL FUREY; CASEY
CLOUCHETE; ARIC R. JOHNSON;
LARRY SAVEDEGE; ROBERT SMITH;
KEVIN WILKINSON; TIFFANY
LEBLANC; JANE DOE;
BRIGHTHOUSE NETWORKS
FLORIDA, LLC; STEVE MIRON; NOMI
BERGMAN; BILL FUTERA; JOE
DURKIN; TIME WARNER CABLE, INC.;
ADVANCE/NEWHOUSE
PARTNERSHIP; and CHARTER
COMMUNICATIONS,

        Defendants.

---

**ORDER**

This cause is before the Court on "Plaintiffs' [*sic*] Farquharsons' Notice and Motion to Prevent Prejudicial Treatment Requiring the Court to Change the Judge on its Own, or in the Alternative, This is a Motion for Recusal of Twice Randomly Assigned Judge" (Doc. 3), filed May 3, 2016. Upon consideration and for the reasons stated herein, Plaintiffs' motion is due to be denied.

On February 27, 2015, Plaintiffs brought suit against several defendants, asserting state and federal claims arising from the foreclosure of their home. *See Farquaharson et al. v. Cititbank, NA. et al.*, 6:15-cv-00211-RBD-KRS (M.D. Fla. Feb. 11, 2015) ("**Prior**

**Action**"). Upon the filing of Plaintiffs' complaint, the Clerk of Court randomly assigned the Prior Action to the Undersigned. *Id.* Several months into the proceedings, Plaintiffs filed an interlocutory appeal, effectuating a stay of the Prior Action, which is currently pending on appeal in the Eleventh Circuit Court of Appeals. *Id.*

On April 29, 2016, Plaintiffs filed the current action, which was also randomly assigned to the Undersigned ("**Instant Action**"). (*See* Doc. 1.) Consequently, Plaintiffs request that the Court reassign the Instant Action to a different judge or, alternatively, that the Court recuse himself from the Instant Action. (Doc. 3 ("**Motion**").) The stated grounds for Plaintiffs' Motion are that the parties—primarily Plaintiffs—are prejudiced by the assignment of the Instant Action to the Undersigned based on the Plaintiffs' Prior Action before the Undersigned. (*Id.*)

Although the Court "may, at any time, reassign a case to any other consenting judge" *see* Local Rule 1.03(d), Plaintiffs fail to provide a basis for the Court to reassign the Instant Action. Moreover, recusal is appropriate if the federal judge's "impartiality might reasonably be questioned" or where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). To determine whether a judge's impartiality might be questioned, the Court must consider "whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Chandler*, 996 F.2d 1073, 1104 (11th Cir. 1993).

Plaintiffs' Motion is premised solely on their presumption that the Court will develop "some form of feelings . . . about the Farquharsons" based on the Prior Action.

2

(Doc. 3, ¶ 3.) This is an insufficient basis for recusal. As Plaintiffs acknowledge, the Clerk of Court randomly assigned the Prior Action and the Instant Action to the Undersigned pursuant to Local Rule 1.03(b), and the Actions are wholly unrelated. (*Id.* ¶¶ 6, 10–11.) Therefore, Plaintiffs essentially request that this Court allow it to circumvent the random-assignment provided by Local Rule 1.03(b) based on their unfounded and unsupported belief that the Undersigned will not act fairly or impartially while presiding over their two cases.   Plaintiff has failed to allege any facts that would lead an objective observer to question the impartiality of the randomly assigned judge. *See Chandler*, 996 F.2d at 1104; *see also Arrowood Indem. Co. v. Dogali,* No. 8:09-cv-1193-T-27EAJ, 2011 WL 2971031, at *1 (M.D. Fla. July 20, 2011) (explaining that the inquiry for recusal shall be "made from the perspective of a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person") (citation omitted).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that "Plaintiffs' [*sic*] Farquharsons' Notice and Motion to Prevent Prejudicial Treatment Requiring the Court to Change the Judge on its Own, or in the Alternative, This is a Motion for Recusal of Twice Randomly Assigned Judge" (Doc. 3) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 10, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record
*Pro Se* Parties